**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS | )<br>)<br>)<br>) No. 1:13-cv-1928-<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| DIVISION SEVEN INCORPORATED, an Indiana corporation, | )<br>) |
| Defendant. | ) |

<u>COMPLAINT</u>

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN,

complain against Defendant, **DIVISION SEVEN INCORPORATED**, an Indiana corporation,

as follows:

<u>COUNT I</u>

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor

Relations Act, 29 U. S. C. Section 185(a) as amended.

(b)    Jurisdiction of this cause is based upon Section 502 of the Employee

Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where

the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are MARK MCCLESKEY, TRUSTEE AND

INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND

WELFARE AND PENSION FUNDS, ("the Funds"), and have standing to sue pursuant to 29

U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons and Operative Plasterers and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.     (a)     Defendant, **DIVISION SEVEN INCORPORATED ("DIVISION SEVEN")** is an Indiana corporation and is doing business within this Court's jurisdiction.

(b)     **DIVISION SEVEN** is an employer engaged in an industry affecting commerce.

5.     Since on or about **June 13, 2006, DIVISION SEVEN** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6.     By virtue of certain provisions contained in the collective bargaining agreements, **DIVISION SEVEN** is bound by the Trust Agreement establishing the Funds.

7.     Under the terms of the Trust Agreements to which it is bound, **DIVISION SEVEN** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.    Plaintiffs are advised and believe that for **April 1, 2012 to the present, DIVISION SEVEN** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.    **DIVISION SEVEN** be ordered to submit to an audit for **April 1, 2012 to the present.**

B.    Judgment be entered on any amounts found to be due on the audit.

C.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.    **DIVISION SEVEN** be enjoined from violating the terms of the Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

MARK MCCLESKEY, TRUSTEE AND INDIANA
STATE COUNCIL OF PLASTERERS AND CEMENT
MASONS HEALTH AND WELFARE AND PENSION
FUNDS


By:    s/ Donald D. Schwartz_____
         One of their Attorneys

3

Donald D. Schwartz
**ARNOLD AND KADJAN**
203 N. LaSalle St., Suite 1650
Chicago, Illinois 60601
(312) 236-0415